# United States Court of Appeals for the Federal Circuit

2006-7364

CELERINA PELEA,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Martin F. Hockey, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martin J. Sendek, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Per Curiam

# United States Court of Appeals for the Federal Circuit

2006-7364

CELERINA PELEA

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:     August 7, 2007

_____

Before LOURIE, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and SCHALL, <u>Circuit Judge</u>.

FRIEDMAN, <u>Senior Circuit Judge</u>.

The principal issue is whether the estate of a veteran's widow may continue to pursue her unadjudicated claim for benefits based on the veteran's military service. We hold that the estate may not, and therefore affirm the dismissal by the Court of Appeals for Veterans Claims ("Veterans Court") of the appeal.

I

A.  A brief description of the statutory provisions governing benefits claims by veterans and their family members will be helpful in understanding the issue in this case.

Congress has provided separate systems of benefits for veterans and for their surviving family members.  Chapter 11 of Title 38 of the United States Code governs veterans' claims for disability compensation.  Generally, such compensation is payable

only to veterans, <u>Seymour v. Principi</u>, 245 F.3d 1377, 1379 (Fed. Cir. 2001), and it ends on the last day of the month before the veteran's death, <u>see</u> 38 U.S.C. § 5112(b)(1). A veteran's spouse, children, or dependent parents may obtain unpaid benefits owed to the veteran at the time of the veteran's death. <u>See</u> 38 U.S.C. § 5121. But such "survivors may not pursue disability compensation claims of a veteran, even as heirs to the veteran's estate." <u>Haines v. West</u>, 154 F.3d 1298, 1300 (Fed. Cir. 1998). This court repeatedly and consistently has held that a veteran's claim for disability compensation under chapter 11 does not survive the veteran's death. <u>See e.g.</u>, <u>Richardson v. Nicholson</u>, 476 F.3d 883, 886-87 (Fed. Cir. 2007).

Chapter 13 of Title 38 provides for and governs dependency and indemnity compensation benefits for certain survivors of veterans. Under 38 U.S.C. § 1310(a) dependency and indemnity compensation benefits are to be provided for a veteran's surviving spouse, children, or parents if certain conditions are met. 38 U.S.C. §§ 1310(a), 1311, 1313, 1315. Like a veteran's benefits, a veteran's surviving spouse's benefits terminate on the last day of the month before the surviving spouse's death, <u>see</u> 38 U.S.C. § 5112(b)(1), and the deceased veteran's children may obtain the unpaid benefits owed to the widow at her death, <u>see</u> 38 U.S.C. § 5121(a)(3).

B. The appellant Celerina Pelea ("Mrs. Pelea")'s husband died on November 21, 1979. Twenty years later, Mrs. Pelea filed with the Department of Veterans Affairs ("VA") regional office a claim for dependency and indemnity compensation ("compensation"). She submitted a form from the Phillipine Veterans Affairs Office that certified that Mr. Pelea was a veteran of World War II. The VA's attempt to verify Mr. Pelea's military service was unproductive, and it rejected her claim.

The Board of Veterans' Appeals ("Board") affirmed that ruling, holding that the evidence she submitted was insufficient to prove her husband's military service. On appeal, however, the Veterans Court vacated the Board's decision and remanded to clarify whether the VA had notified Mrs. Pelea what additional evidence she must submit to prove her claim. On appeal we vacated the Veterans Court's decision and remanded for further proceedings. Pelea v. Principi, No. 03-7184 (Fed. Cir. Apr. 23, 2004). On August 5, 2005, the Veterans Court again vacated and remanded on the notice issue. Pelea v. Nicholson, 19 Vet. App. 296 (2005).

Mrs. Pelea died on September 6, 2005. A series of motions followed, including the government's motion for the Veterans Court to recall its judgment because Mrs. Pelea's claim did not survive her death. Mrs. Pelea's counsel opposed and moved to substitute her estate. The Veterans Court denied the motion to substitute, withdrew its latest opinion and dismissed the appeal.

II

The statutory provision governing "Dependency and indemnity compensation to a surviving spouse" states that such compensation "shall be paid to a surviving spouse" at various rates. See 38 U.S.C. § 1311. There is no suggestion, let alone indication, that under this provision the widow's right to seek such compensation continues after her death or that her estate may continue to press her claim for a benefit she sought but had not yet been awarded before she died.

The provisions of Chapter 11 governing benefits to veterans and those of Chapter 13 governing benefits to deceased veterans' survivors parallel each other. As previously noted, "the clear intent expressed by the structure and language of the

statutory scheme . . . [is] that a veteran's claim to disability benefits terminates at death." Seymour, 245 F.3d at 1379 (quoting Richard v. West, 161 F.3d 719, 722 (Fed. Cir. 1998)).  For these reasons, "'survivors may not pursue disability compensation claims of a veteran, even as heirs to the veteran's estate.'" Id. (quoting Haines, 154 F.3d at 1300).  There is no reason to believe that Congress intended to provide more favorable treatment for the estates of widows than it did for the estates of the veterans themselves.

It seems most unlikely that Congress intended to provide more favorable treatment for veterans' widows than it provided for veterans, who are the primary focus of the veterans' benefits legislation.  If Congress intended thus to favor the widows, one would expect it either to have so provided explicitly in the statutory provisions or manifested that intent in the legislative history.  It did neither.

Padgett v. Nichoslon, 473 F.3d 1364 (Fed. Cir. 2007), upon which Mrs. Pelea relies and which has some superficial similarities to the present case, does not in fact help her.  That case involved a claim by a veteran (Padgett) for disability benefits covering injuries he incurred in the service.  He asserted two grounds for service connection for his disability.  The regional office denied his claim, and the Board affirmed.  The Veterans Court en banc reversed the Board's rejection of one ground of service connection, and remanded that "claim for assignment of a disability rating and an effective date." Padgett, 473 F.3d at 1366.  It vacated and remanded for further Board proceedings on the other ground of service connection. Id.  Upon learning shortly thereafter that Padgett had died four months earlier, the Veterans Court

withdrew its <u>en banc</u> opinion, vacated the underlying Board decision, and dismissed the veteran's appeal as moot.  <u>Id.</u> at 1367.

This court reversed.  It held that the Veterans Court was authorized to make its judgment effective <u>nunc pro tunc</u>, and that such retroactive relief was "appropriate in this case."  <u>Id.</u> at 1368.  Recognizing "the general rule that a veteran's claim for benefits ends with his death," <u>id.</u> at 1370, it held that the veteran's widow should be substituted for him, since if "Mrs. Padgett could not be substituted, <u>nunc pro tunc</u> relief would be inappropriate," <u>id.</u>

In <u>Padgett</u>, making the Veterans Court judgment effective <u>nunc pro tunc</u>—presumably to the day before the veteran died—meant that prior to his death, Padgett had established his entitlement to disability benefits.  Under the statutory scheme, his widow could recover those benefits.

In the present case, however, Mrs. Pelea has not contended that the Veterans Court judgment in her favor should be made effective <u>nunc pro tunc</u> to the date of her death.  More importantly, to do so would not entitle her to any accrued benefits.  The Veterans Court held only that the Board should further consider whether the VA had adequately informed her what additional evidence she should submit to support her claim.  Under that ruling, she still was a long way from establishing either that her deceased husband had served in the United States military or that his death was connected with such service.

III

Since we hold that Mrs. Pelea's right to pursue her claim for dependency and indemnity compensation benefits terminated on her death, it follows that the Veterans Court properly denied her estate's application to be substituted for her as a party in the case. Padgett, 473 F.3d at 1370.

CONCLUSION

The judgment of the Veterans Court is

AFFIRMED.