NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7260

ANGELINA F. BROPHY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Angelina F. Brophy, of San Fernando City, La Union, Philipines, pro se.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Donald L. Ivers

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7260

ANGELINA F. BROPHY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in 05-2811, Judge Donald L. Ivers.

_____

DECIDED:  June 5, 2008
_____

Before  MAYER, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Angelina  F.  Brophy  sought  accrued  benefits  as  a  surviving  spouse  after  the

death of veteran John R. Brophy, who she asserted was her husband.  Ms. Brophy died

while her appeal from the denial of her claim was pending in the Court of Appeals for

Veterans Claims ("the Veterans Court"), and the court dismissed the claim as moot.

Ms. Brophy's daughter, Hilaria Brophy, moved to be substituted as a party, but the court denied that motion. We <u>affirm</u>.

## BACKGROUND

Mr. Brophy served on active duty during World War II from January 1943 until December 1945. Angelina Brophy asserted that she met and lived with Mr. Brophy for approximately six months in 1945 while he was stationed in the Philippines. When Mr. Brophy returned to the United States in September of that year, Ms. Brophy was pregnant. Hilaria Brophy was subsequently born in December of 1945.

John Brophy did not return to the Philippines. Military records show that Mr. Brophy was already married before he left the United States for active duty. Starting in 1951, Angelina Brophy was in contact with the Philippine Regional Office of the Veterans Administration, when she was seeking monetary assistance for raising Hilaria Brophy. Following Mr. Brophy's death in 1985, Hilaria Brophy sought compensation on behalf of her mother in the current case.

In light of conflicting statements in the record, the Board of Veterans' Appeals concluded that there was "no credible evidence" that John Brophy and Angelina Brophy had been legally married. That decision issued in August 2005, and Angelina Brophy filed an appeal to the Veterans Court. Angelina Brophy died while that appeal was pending, and the Veterans Court ordered the case to be dismissed as moot. Soon thereafter, Hilaria Brophy submitted a motion to be substituted as a party in the case. The Veterans Court denied that motion, and Hilaria Brophy moved for reconsideration. In its order responding to the motion for reconsideration, the Veterans Court stated that it was "uncertain as to whether Hilaria F. Brophy qualifies as a potential claimant," and it

ordered the Secretary of the Department of Veterans Affairs to advise the court on that matter. The Secretary submitted a response explaining that Hilaria Brophy could not be substituted as a party because she did not qualify as a potential accrued-benefits claimant. In particular, the Secretary contended that Hilaria Brophy could receive benefits only if she met the statutory requirements of being a "child," 38 U.S.C. § 101(4)(A), but that she could not qualify under that definition because she was over 18 years old and was married. The Veterans Court subsequently denied the motion for reconsideration.

DISCUSSION

On appeal, Hilaria Brophy argues that the Veterans Court erred in its interpretation of Veterans Appeals Court Rule 43, which specifies the procedure for substituting parties, and 38 U.S.C. § 5121, which governs the payment of accrued benefits upon the death of a beneficiary. Although the Veterans Court's order of May 1, 2007, did not explicitly refer to either of those provisions, it cited the controlling case on the issue of substituting parties after the death of a beneficiary, Padgett v. Nicholson, 473 F.3d 1364 (Fed. Cir. 2007), and it correctly stated the relevant legal principles. The Padgett case makes clear that if, after the death of a claimant, no other claimants qualify under the relevant statutes to pursue the decedent's claims, the appellate court should dismiss the claim as moot. Id. at 1371.

The reply brief filed by Hilaria Brophy essentially argues that Angelina Brophy was a legitimate claimant, and that upon her death, Hilaria Brophy should have been substituted as the executor of her mother's estate and allowed to pursue her mother's claims. However, this court has previously determined that the estate of a spouse

cannot continue to pursue a veteran's accrued benefits claim. See Pelea v. Nicholson, 497 F.3d 1290 (Fed. Cir. 2007). That ruling was based on the language of the statutes governing veterans benefits. See id. at 1292 (discussing the statutory schemes of chapters 11 and 13 of title 38, governing veterans' benefits). The cases Ms. Brophy cites do not compel a different conclusion, because they do not address that specific statutory scheme. See Shipley v. Ark. Blue Cross & Blue Shield, 333 F.3d 898, 901 (8th Cir. 2003) (applying Fed. R. App. P. 43(a)(1) to substitute a widow in place of her deceased husband in a suit contesting an insurance company's denial of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B)); Mallick v. Int'l Bhd. of Elec. Workers, 814 F.2d 674, 679 (D.C. Cir. 1987) (allowing substitution of union workers for a deceased union worker under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 431(c)). Federal Rule of Civil Procedure 25(a), which Brophy cites, does not support her argument as applied to the statutory scheme governing veterans' benefits, particularly because Rule 25(a) applies to district court proceedings and not to proceedings in the Veterans Court or the Board of Veterans' Affairs.

Consequently, the only way that Hilaria Brophy could pursue the claim for accrued benefits was to qualify as a potential claimant in her own right. As the Veterans Court properly concluded, the statute governing whether Hilaria Brophy could qualify as a claimant is 38 U.S.C. § 101(4)(A), which defines a "child" for purposes of Title 38. That statute defines a "child" as a person who is unmarried and under the age of 18 (among other limitations). Consequently, the Veterans Court correctly identified the relevant legal principles. To the extent Ms. Brophy argues that the Veterans Court did

not apply those principles properly to the facts of this case, this Court does not have jurisdiction to review that contention. See 38 U.S.C. § 7292.

Ms. Brophy also contends that the Veterans Court violated the continuing claims doctrine, citing Nicholas v. United States, 42 Fed. Cl. 373 (1998). The continuing claims doctrine, however, concerns the applicability of the statute of limitations in situations in which there are recurring payments. The Veterans Court's decision did not involve the statute of limitations, and thus there was no need for that court to consider the continuing claims doctrine. Because the doctrine was irrelevant, the Veterans Court's decision did not "violate" it.

Ms. Brophy also contends that the Veterans Court violated her due process rights under the Constitution. She does not explain how the Veterans Court failed to follow appropriate procedures, however, and no due process problems are apparent from the record.

In her reply brief, Ms. Brophy essentially asks this court to address factual matters. In particular, she argues that the marriage between John Brophy and Angelina Brophy should have been ruled valid, and that she should have been found to be John Brophy's daughter. This court cannot review such factual issues, and in any event the Veterans Court simply concluded that Ms. Brophy did not satisfy the definition of "child" under 38 U.S.C. § 101(4)(A); it did not make any determination regarding whether she was John Brophy's biological daughter.

For the foregoing reasons, we affirm the decision of the Veterans Court.