# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0957

PAUL W. HYATT, APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE,

JULIANNE HYATT, MOVANT

Before KASOLD, HAGEL, and LANCE, *Judges*.

## O R D E R

On June 7, 2004, Mr. Hyatt filled a Notice of Appeal of an April 26, 2004, decision of the Board of Veterans' Appeals (Board). On August 6, 2007, a panel of this Court issued a decision on this appeal. On August 29, 2007, the Court entered its judgment. On October 11, 2007, the represented movant, Mrs. Hyatt, notified the Court that Mr. Hyatt had died on August 24, 2007; accordingly, Mrs. Hyatt filed motions for substitution of party and for judgment to be re-issued nunc pro tunc. On October 25, 2007, the Secretary filed responses in opposition to Mrs. Hyatt's motions. In response to an order of the Court, the parties submitted additional briefing regarding the impact of the Court's recent decision in *Pekular* on the pending motions. *Pekular v. Mansfield*, 21 Vet.App. 495 (2007) (instituting a three-part test to govern whether substitution is appropriate).

"[A] veteran's claim to disability benefits terminates at death." *Richard v. West*, 161 F.3d 719, 722 (Fed. Cir. 1998). However, 38 U.S.C. § 5121 allows qualified survivors of the veteran to seek payment of accrued benefits owed to that veteran at the time of the veteran's death. *Seymour v. Principi*, 245 F.3d 1377, 1379 (Fed. Cir. 2001). Section 5121(a) specifically limits accrued benefits to include only that "to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at date of death and . . . due and unpaid." 38 U.S.C. § 5121; *see Haines v. West*, 154 F.3d 1298, 1300 (Fed. Cir. 1998). When the Court issued the August 6, 2007, decision in Mr. Hyatt's appeal, it determined that a remand was necessary so that VA could comply with its duty to assist by obtaining another service member's court-martial records, which are potentially relevant to the nature and extent of Mr. Hyatt's wounds received during his service. *Hyatt v. Nicholson*, 21 Vet.App. 390, 395 (2007). As Mrs. Hyatt's accrued beneficiary claim is statutorily limited to decisions and evidence in the file at the date of Mr. Hyatt's death, she asks to be substituted and that judgment be re-issued nunc pro tunc in Mr. Hyatt's appeal so that her 5121(a) claim may benefit from the Court's decision on Mr. Hyatt's appeal.

The U.S. Court of Appeals for the Federal Circuit held that this Court may issue nunc pro tunc relief where a veteran dies after his case is submitted for decision, but before the opinion is

issued. *Padgett v. Nicholson*, 473 F.3d 1364, 1369 (Fed. Cir. 2007). For the Court to issue judgment as of the date of the veteran's death, (1) the veteran must have died after his case was submitted for decision, (2) substitution must be appropriate in that the person seeking substitution must have standing both under Article III of the U.S. Constitution and by being adversely affected by the underlying Board decision under 38 U.S.C. § 7266(a), and (3) the considerations of justice and fairness outlined by the Supreme Court in *Mitchell v. Overman*, 103 U.S. 62, 64-65 (1880), must be satisfied. *Pekular*, 21 Vet.App. at 500-01.

There is no dispute here that Mr. Hyatt's case was submitted for decision before he died. Mr. Hyatt died after the Court issued its opinion in his case, but five days before judgment was entered in the matter. At issue instead is whether the substitution of Mrs. Hyatt is appropriate. The Secretary argues that Mrs. Hyatt lacks sufficient Article III standing to be properly substituted in Mr. Hyatt's appeal. Article III of the Constitution grants federal courts jurisdiction over "cases" and "controversies." U.S. Const. Art. III, § 2, cl. 1. This Court, although an Article I court created by statute, has adopted "the jurisdictional restrictions of the Article III case or controversy rubric." *Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990). To satisfy the "irreducible constitutional minimum of standing," a litigant must demonstrate three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the complainant must have suffered an "injury in fact" that is both "concrete and particularized." *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 756 (1984). "The injury alleged must be . . . distinct and palpable, . . . and not abstract or conjectural or hypothetical." *Allen,* 468 U.S. at 751 (citations omitted). Second, there must be a causal relationship between the injury and the conduct of the defendant. *Lujan*, 504 U.S. at 560. Third, it must be "likely" that the injury will be "'redressed by a favorable decision.'" *Id.* (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)).

In *Padgett*, the court determined that "[t]he continuing relevance and preclusive effect that the issues decided in Padgett's appeal have for [Mrs. Padgett's] section 5121(a) claim are sufficient to meet the 'case or controversy' requirement" pursuant to Article III. 473 F.3d at 1370. However, Mr. Hyatt's appeal stands in a very different posture than that of Mr. Padgett. In Mr. Padgett's case, the Court reversed the Board's decision and granted secondary service connection for a right-hip disability. *See id.* at 1366. Issuing the decision nunc pro tunc effectively granted benefits to Mr. Padgett before his death, which then became "due and unpaid" for purposes of Mrs. Padgett's 5121(a) claim. This, of course, had continuing relevance to Mrs. Padgett's 5121(a) claim because such a claim is statutorily predicated entirely on benefits due, based on decisions or evidence in the file at the time of the veteran's death. Here, Mr. Hyatt's appeal does not have the same continuing relevance to Mrs. Hyatt's 5121(a) claim. Whether or not the Court issues judgment nunc pro tunc to the day prior to Mr. Hyatt's death, there is no imminent grant of entitlement to service connection as there was in *Padgett*. Additionally, there is no further evidence for the Board to consider because the accrued benefits claim is explicitly limited to the evidence "in the file" at the date of the veteran's death–which does not include the court martial records that the Court ordered VA to obtain on remand. Accordingly, there was nothing decided in Mr. Hyatt's appeal that would have the requisite "continuing relevance" to Mrs. Hyatt's 5121(a) claim. *Padgett*, 473 F.3d at 1370.

2

As the Federal Circuit explained in *Pelea v. Nicholson*, making this Court's judgment in *Padgett* effective nunc pro tunc "meant that prior to his death, [Mr.] Padgett had established his entitlement to disability benefits. Under the statutory scheme, his widow could recover those benefits." 497 F.3d 1290, 1293 (Fed. Cir. 2007). The court contrasted the situation in *Padgett* with the widow in *Pelea*, who died while seeking dependency and indemnity compensation and whose estate sought to be substituted in her place. The Federal Circuit affirmed this Court's denial of substitution because, although Mrs. Pelea had not requested that our judgment be reissued nunc pro tunc to a date prior to her death, the court pointed out that even if the judgment in her favor were made effective nunc pro tunc to the date of her death, she would still not be entitled to accrued benefits because this Court had only determined that the Board should further consider whether VA had adequately informed her what additional evidence she should submit to support her claim. *Id.* The court reasoned that "she still was a long way from establishing either that her deceased husband had served in the United States military or that his death was connected with such service." *Id.*

The same is true for Mrs. Hyatt. Our dissenting colleague assumes that acquiring certain court-martial records of another service member would be dispositive of the claim. Dissenting opinion at 4, *post* ("In the normal course of events, after issuance of the *Hyatt* decision, the Secretary would secure the court-martial records and a decision would be rendered."). However, as in *Pelea*, Mrs. Hyatt is a long way from prevailing on her claim. For Mr. Hyatt's claim to be granted, thus entitling Mrs. Hyatt to accrued benefits, even if judgment is issued nunc pro tunc, a medical opinion would still be required to evaluate whether the injuries described in the court-martial report, if any, resulted in or contributed to the currently claimed disability. Substitution would not affect Mrs. Hyatt's accrued benefits claim because, even if we were to permit her substitution and the search for the court-martial records was successful, there would still be insufficient evidence in the record at the time of Mr. Hyatt's death to justify an award of benefits. *See* 38 U.S.C. § 5121. For these reasons, the Court holds that substitution is not appropriate.

As Mrs. Hyatt cannot be substituted, nunc pro tunc relief is also inappropriate due to the general rule that a veteran's claim for benefits ends with his death. *Padgett*, 473 F.3d at 1370. As Mr. Hyatt has died and no substitution of Mrs. Hyatt can be made, Mr. Hyatt's appeal is moot. Therefore, the Court will dismiss Mr. Hyatt's appeal for lack of jurisdiction. As Mr. Hyatt's appeal was mooted due to his death and because we hold that Mrs. Hyatt cannot be substituted, both circumstances that are *not* due to the voluntary conduct of the parties, justice requires that any prior decision in the case be withdrawn or vacated. *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstances, ought not in fairness be forced to acquiesce in the judgment."). Accordingly, the Court withdraws its August 6, 2007, decision and vacates the Board's underlying October 27, 2005, decision to prevent it from acting as a barrier to the success of any claimant seeking accrued benefits.

Accordingly, it is

ORDERED that the Court's August 6, 2007, decision is WITHDRAWN. It is further

ORDERED that the Court's January 16, 2008, stay is lifted. It is further

ORDERED that the October 27, 2005, Board decision is VACATED with respect to the matters appealed to the Court; and this appeal is DISMISSED for lack of jurisdiction.

DATED: July 22, 2008                                             PER CURIAM.

Kasold, *Judge*, dissenting: A 2005 Board decision denied Mr. Hyatt disability compensation for his lumbar spine disability because there was "'no medical, or consistent lay evidence, of the nature and extent of' the wound to Mr. Hyatt's back that he suffered in service." *Hyatt v. Nicholson*, 21 Vet.App. 390, 395 (2007). Mr. Hyatt's in-service wound was the result of a negligent stabbing by a fellow service member who was disciplined by court-martial. *Id*. at 392. Because court-martial records involving an injury frequently contain evidence regarding the extent and nature of that injury, the Court held that these records were relevant to Mr. Hyatt's claim and that it was error not to secure them. *Id*. Given the Board's stated basis for denying Mr. Hyatt's claim, it is clearly possible that if the court-martial records reveal the nature and extent of Mr. Hyatt's wound, the Board might find that his lumbar spine disability was service connected. Such a finding would give rise to disability compensation.

In the normal course of events, after issuance of the *Hyatt* decision, the Secretary would secure the court-martial records and a decision would be rendered.[1] In this instance, however, Mr. Hyatt died shortly after the *Hyatt* decision issued. Although Mr. Hyatt's widow is entitled to any accrued benefits owed to Mr. Hyatt that have not been paid, any determination made with regard to accrued benefits is based on the file at the time of death. *See* 38 U.S.C. § 5121(a) (accrued benefits include benefits "to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at the date of death"). Obviously, Mrs. Hyatt has a personal, non-generalized interest in having the court-martial records considered when the determination on her accrued benefits is rendered, because her husband's claim already has been denied on the record

---

[1] The majority misconstrue my statement and apparently misunderstand my dissent. Contrary to their characterization, I do not believe the addition of the court-martial records *necessarily* will be dispositive of the claim. It is possible that the court-martial records will add nothing material to the file, but it is also possible that it will add the very information the Board needs to grant an award, and therefore it could be dispositive. Who knows what the Secretary or Board might do if that information is considered part of the record? *See* 38 U.S.C. § 5103A(d) (medical exam not necessary if claim can be decided without it) and § 5107(b) (claimant entitled to benefit of the doubt); *Savage v. Gober*, 10 Vet.App. 488, 495-96 (1997) (in certain circumstances, nexus may be established by lay evidence); *cf. Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 419 F.3d 1317, 1318 (Fed. Cir. 2005) (38 U.S.C. § 7104(a) ensures "one review on appeal to the Secretary"); *Wagner v. United States*, 365 F.3d 1358 (Fed. Cir. 2004) (finding harmless error analysis inapposite in circumstance where decision maker was not appointed by proper authority). Thus, unlike the situation in *Pelea*, where the appellant could not be awarded benefits based on the Court's decision that there had been inadequate notice in the underlying merits case, here, it is possible that Mrs. Hyatt could be awarded benefits if the court-martial records were considered part of the claims file. Although not necessarily dispositive, as was the case in *Padgett*, the situation here is much closer to *Padgett* than to *Pelea*, and under these circumstances–where Mrs. Hyatt certainly will not be awarded benefits if the court-martial records are not considered part of the file and might be awarded benefits if they are–Mrs. Hyatt has a personal stake in this matter and substitution is appropriate.

4

without the court-martial records. *See Padgett v. Nicholson*, 473 F.3d 1364, 1370 (Fed. Cir. 2007) ("It is reasonable to suspect that the RO and the board would also reject Mrs. Padgett's claim absent the controlling effect of the En Banc Opinion.")

Accordingly, Mrs. Hyatt seeks to be substituted in this case for her deceased husband in furtherance of her argument that the *Hyatt* decision will cause the Secretary to consider the court-martial documents as part of the claims file. Appellant's Motion at 3. If substitution is denied and the *Hyatt* case withdrawn, then there is no argument for consideration of the court-martial records by the Secretary. On the other hand, should Mrs. Hyatt be substituted for her late husband and the *Hyatt* case not be withdrawn, she could present her argument below (and later on appeal if necessary) that the court-martial records are part of the claims file by virtue of the *Hyatt* decision being rendered before her husband died. *Cf. Bell v. Derwinski*, 2 Vet.App. 611, 612-13 (1992) (per curiam order) (holding that documents that were either generated by the Secretary or submitted prior to a Board decision were statutorily part of the record of proceedings before the Secretary and the Board as to that decision).

Whether records or documents maintained by the government and held by the Court to have been erroneously not obtained by the Secretary might be deemed part of the record for accrued benefits purposes when an appellant dies shortly after issuance of the Court's decision and before the documents are physically obtained has not yet been decided, but Mrs. Hyatt's personal, non-generalized interest in this matter provides her standing and warrants substitution. *E.g.*, *Raines v. Byrd,* 521 U.S. 811 (1997) (to establish standing, plaintiff must allege a particularized injury and a "personal stake" in the dispute); *Padgett v. Nicholson*, 473 F.3d 1364, 1370 (2007) (potential accrued benefits beneficiaries have standing if adversely affected by Board decision).

The majority's reliance on *Pelea v. Nicholson*, 497 F.3d 1290, 1293 (Fed. Cir.2007), is misplaced. *Pelea* involved a case in which this Court held that the Secretary inadequately notified the claimant about additional information that might be submitted in support of the claim, and the matter was remanded. Mrs. Pelea died shortly thereafter and the Court denied her estate's motion for substitution. 497 F.3d at 1291-92. On appeal, the Federal Circuit noted that even if this Court's decision were issued nunc pro tunc and substitution were granted, it would have no impact on an award of benefits because this Court's decision merely held that notice had been inadequate. *Id.* at 1293. Otherwise stated, the *Pelea* decision added nothing to the record. In contrast, the *Hyatt* decision held that the court-martial records should have been obtained by the Secretary and considered. Given the explicit basis for the Board's denial of Mr. Hyatt's claim, these records could indeed have a direct impact on Mrs. Hyatt's accrued benefits claim, if deemed part of the record.

For the reasons stated above, I dissent from the order denying Mrs. Hyatt substitution in this matter.