KASOLD, Judge,
dissenting:
A 2005 Board decision denied Mr. Hyatt disability compensation for his lumbar spine disability because there was “ ‘no medical, or consistent lay evidence, of the nature and extent of the wound to Mr. Hyatt’s back that he suffered in service.” Hyatt v. Nicholson, 21 Vet.App. 390, 395 (2007). Mr. Hyatt’s in-service wound was the result of a negligent stabbing by a fellow service member who was disciplined by court-martial. Id. at 392. Because court-martial records involving an injury frequently contain evidence regarding the extent and nature of that injury, the Court held that these records were relevant to Mr. Hyatt’s claim and that it was error not to secure them. Id. Given the Board’s stated basis for denying Mr. Hyatt’s claim, it is clearly possible that if the court-martial records reveal the nature and extent of Mr. Hyatt’s wound, the Board might find that his lumbar spine disability was service connected. Such a finding would give rise to disability compensation.
In the normal course of events, after issuance of the Hyatt decision, the Secretary would secure the court-martial records and a decision would be rendered.[1] *216 In this instance, however, Mr. Hyatt died shortly after the Hyatt decision issued. Although Mr. Hyatt’s widow is entitled to any accrued benefits owed to Mr. Hyatt that have not been paid, any determination made with regard to accrued benefits is based on the file at the time of death. See 38 U.S.C. § 5121(a) (accrued benefits include benefits “to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at the date of death”). Obviously, Mrs. Hyatt has a personal, non-generalized interest in having the court-martial records considered when the determination on her accrued benefits is rendered, because her husband’s claim already has been denied on the record without the court-martial records. See Padgett v. Nicholson, 473 F.3d 1364, 1370 (Fed.Cir.2007) (“It is reasonable to suspect that the RO and the board would also reject Mrs. Padgett’s claim absent the controlling effect of the En Banc Opinion.”)
Accordingly, Mrs. Hyatt seeks to be substituted in this case for her deceased husband in furtherance of her argument that the Hyatt decision will cause the Secretary to consider the court-martial documents as part of the claims file. Appellant’s Motion at 3. If substitution is denied and the Hyatt case withdrawn, then there is no argument for consideration of the court-martial records by the Secretary. On the other hand, should Mrs. Hyatt be substituted for her late husband and the Hyatt case not be withdrawn, she could present her argument below (and later on appeal if necessary) that the court-martial records are part of the claims file by virtue of the Hyatt decision being rendered before her husband died. Cf. Bell v. Derwinski, 2 Vet.App. 611, 612-13 (1992) (per curiam order) (holding that documents that were either generated by the Secretary or submitted prior to a Board decision were statutorily part of the record of proceedings before the Secretary and the Board as to that decision).
Whether records or documents maintained by the government and held by the Court to have been erroneously not obtained by the Secretary might be deemed part of the record for accrued benefits purposes when an appellant dies shortly after issuance of the Court’s decision and before the documents are physically obtained has not yet been decided, but Mrs. Hyatt’s personal, non-generalized interest in this matter provides her standing and warrants substitution. E.g., Raines v. Byrd, 521 U.S. 811, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997) (to establish standing, plaintiff must allege a particularized injury and a “personal stake” in the dispute); Padgett v. Nicholson, 473 F.3d 1364, 1370 (2007) (potential accrued benefits beneficiaries have standing if adversely affected by Board decision).
The majority’s reliance on Pelea v. Nicholson, 497 F.3d 1290, 1293 (Fed.Cir.2007), is misplaced. Pelea involved a case in which this Court held that the Secretary inadequately notified the claimant about additional information that might be submitted in support of the claim, and the matter was remanded. Mrs. Pelea died shortly thereafter and the Court denied her estate’s motion for substitution. 497 F.3d at 1291-92. On appeal, the Federal Circuit noted that even if this Court’s decision were issued nunc pro tunc and substitution were granted, it would have no impact on an award of benefits because this Court’s decision merely held that notice had been inadequate. Id. at 1293. Otherwise stated, the Pelea decision added nothing to the record. In contrast, the Hyatt decision held that the court-martial records should have been obtained by the Secretary and considered. Given the explicit basis for the Board’s denial of Mr. Hyatt’s claim, these records could indeed *217 have a direct impact on Mrs. Hyatt’s accrued benefits claim, if deemed part of the record.
For the reasons stated above, I dissent from the order denying Mrs. Hyatt substitution in this matter.

. The majority misconstrue my statement and apparently misunderstand my dissent. Contrary to their characterization, I do not believe the addition of the court-martial records necessarily will be dispositive of the claim. It is possible that the court-martial records will add nothing material to the file, but it is also possible that it will add the very information the Board needs to grant an award, and therefore it could be dispositive. Who knows what the Secretary or Board might do if that information is considered part of the record? See 38 U.S.C. § 5103A(d) (medical exam not necessary if claim can be decided without it) and § 5107(b) (claimant entitled to benefit of the doubt); Savage v. Gober, 10 Vet.App. 488, 495-96 (1997) (in certain circumstances, nexus may be established by lay evidence); cf. Disabled Am. Veterans v. Sec'y of Veterans Affairs, 419 F.3d 1317, 1318 (Fed.Cir.2005) (38 U.S.C. § 7104(a) ensures "one review on appeal to the Secretary”); Wagner v. United States, 365 F.3d 1358 (Fed.Cir.2004) (finding harmless error analysis inapposite in circumstance where decision maker was not appointed by proper authority). Thus, unlike the situation in Pelea, where the appellant could not be awarded benefits based on the Court's decision that there had been inadequate notice in the underlying merits case, here, it is possible that Mrs. Hyatt could be awarded benefits if the court-martial records were considered part of the claims file. Although not necessarily dispositive, as was the case in Padgett, the situation here is much closer to Padgett than to Pelea, and under these circumstances — where Mrs. Hyatt certainly will not be awarded benefits if the court-martial records are not considered part of the file and might be awarded benefits if they are — Mrs. Hyatt has a personal stake in this matter and substitution is appropriate.