Citation Nr: 1714111 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 12-32 902 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to the Veteran's rate for the month of his death, as an accrued benefit.


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Robert J. Burriesci, Counsel




INTRODUCTION

The Veteran served on active duty from April 1944 to June 1946. He died in March 2008 and his surviving spouse died in August 2008. The appellant in this case is the deceased Veteran's son.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 decision of the Chicago, Illinois Department of Veterans Affairs (VA) Regional Office (RO).

The appellant provided testimony in March 2013 before a Veterans Law Judge (VLJ) who no longer is employed by the Board. A transcript of this hearing has been associated with the claims file. Pursuant to 38 C.F.R. § 20.707, the VLJ who conducts the hearing on appeal must participate in any decision made on that appeal. The appellant has the option to attend another hearing. In this case, the appellant indicated in a February 2014 letter that he wanted to attend another hearing before a VLJ at the RO. The appellant presented testimony at a hearing before the undersigned in September 2014. A transcript of the hearing has been associated with the claims file.


FINDINGS OF FACT

1. The Veteran died in March 2008.

2. An Application for Dependency and Indemnity Compensation, Death Pension and Accrued Benefits from the Veteran's surviving spouse was received by VA in August 2008.

3. The Veteran's surviving spouse died in August 2008.

4. In September 2008 VA awarded the Veteran's surviving spouse the Veteran's rate for the month of his death.

5. Entitlement of the surviving spouse to the Veteran's benefits for the month of his death terminates upon the death of the surviving spouse.

6. The appellant does not satisfy the definition of "child" under the governing statute to be eligible for the payment of accrued benefits, and payment of accrued benefits to the estate of the surviving spouse is not authorized by law.


CONCLUSION OF LAW

Entitlement to the Veteran's rate for the month of his death, as an accrued benefit, is not warranted. 38 U.S.C.A. § 5310 (West 2002); §§ 101(4)(A), 5121 (West 2014); 38 C.F.R. §§ 3.57, 3.500, 3.1000 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

With respect to the appellant's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326; see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The law provides for payment of certain accrued benefits upon death of a beneficiary. 38 U.S.C.A. § 5121. Periodic monetary benefits under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at date of death and due and unpaid, shall, upon the death of a Veteran, be paid to the living person first listed below: (A) the Veteran's spouse; (B) the Veteran's children (in equal shares); (C) the Veteran's dependent parents (in equal shares). 38 U.S.C.A. § 5121 (a), 5121(a)(2); 38 C.F.R. § 3.1000 (a). In all other cases, only so much of the accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial. 38 U.S.C.A. § 5121 (a)(6). 

The definition of "children" in section 5121 is not the commonly understood definition, but rather, "child" is expressly defined in 38 U.S.C.A. § 101 (4)(A) as a person who is unmarried and (1) under the age of 18; or (2) became permanently incapable of self-support before the age of 18; or (3) under the age of 23 and pursuing a course of instruction at an approved educational institution. See 38 U.S.C.A. § 101 (4)(A); 38 C.F.R. § 3.57; Burris v. Principi, 15 Vet. App. 348, 352-53 (2001); Nolan v. Nicholson, 20 Vet. App. 340 (2006).

An eligible survivor is entitled to receive the full amount of benefits due and unpaid under 38 U.S.C.A. § 5121. However, in order to be eligible for accrued benefits, the claimant must qualify as a member of one of the statutorily enumerated categories of recipients. See Burris, 15 Vet. App. at 352-53 (concluding that 70-year-old appellant was ineligible for accrued benefits because he did not satisfy statutory definition of "child" in 38 U.S.C.A. § 101 (4)(A)); Marlow v. West, 12 Vet. App. 548, 551 (1999) (noting that section 5121(a) limits qualifying survivors to the deceased veteran's spouse, child or dependent parents).

Pursuant to 38 U.S.C.A. § 5310, effective at the time of the surviving spouse's death:

(a) If, in accordance with the provisions of section 5110(d) of this title, a surviving spouse is entitled to death benefits under chapter 11, 13, or 15 of this title for the month in which a veteran's death occurs, the amount of such death benefits for that month shall be not less than the amount of benefits the veteran would have received under chapter 11 or 15 of this title for that month but for the death of the veteran.

(b)(1) If the surviving spouse of a veteran who was in receipt of compensation or pension at the time of death is not entitled to death benefits under chapter 11, 13, or 15 of this title for the month in which the veteran's death occurs, that surviving spouse shall be entitled to a benefit for that month in the amount of benefits the veteran would have received under chapter 11 or 15 of this title for that month but for the death of the veteran.

(2) If (notwithstanding section 5112(b)(1) of this title) a check or other payment is issued to, and in the name of, the deceased veteran as a benefit payment under chapter 11 or 15 of this title for the month in which death occurs, that check or other payment (A) shall be treated for all purposes as being payable to the surviving spouse, and (B) if that check or other payment is negotiated or deposited, shall be considered to be the benefit to which the surviving spouse is entitled under paragraph (1). However, if such check or other payment is in an amount less than the amount of the benefit under paragraph (1), the unpaid amount shall be treated in the same manner as an accrued benefit under section 5121 of this title.

38 U.S.C.A. § 5310 (West 2002).

The Board notes that 38 U.S.C.A. § 5310 was amended by the Honoring Americas Veterans and Caring for Camp Lejeune Families Act of 2012, 112 P.L. 154, 126 Stat. 1165, § 507. The effective date of these amendments is the date of the enactment of this Act, and they apply with respect to deaths that occur on or after that date. § 507(c). The legislation was enacted in August 2012. As the Veteran and the Veteran's surviving spouse died prior to August 2012, the text statute as reported above is for consideration.

The VA General Counsel has provided guidance on the implications of 38 U.S.C.A. § 5310. In VAOPGCPREC 1-2009 General Counsel held that Section 5310(b)(1) of title 38, United States Code, provides a benefit for the surviving spouse of a Veteran who dies while in receipt of disability compensation or pension, if the surviving spouse is not entitled to death benefits under chapter 11, 13, or 15 of title 38 for the month of the Veteran's death. If a Veteran's surviving spouse who was entitled to the section 5310(b)(1) benefit dies before receiving the benefit, VA is not required to pay to the deceased surviving spouse's estate the amount of the section 5310(b) benefit the surviving spouse would have received but for his or her death because entitlement to the benefit would terminate with the death of the surviving spouse.

General Counsel further held Section 5310(b)(2) provides in part that, if a check or other payment issued to, and in the name of, the deceased Veteran as a benefit payment under chapter 11 or 15 of title 38, United States Code, for the month in which death occurs is in an amount less than the amount of the benefit a surviving spouse is eligible to receive under section 5310(b)(i), "the unpaid amount shall be treated in the same manner as an accrued benefit under section 5121 of [title 38]." If a surviving spouse entitled to the section 5310(b)(1) benefit dies before receiving the benefit, the section 5310(b)(1) benefit, aside from any unpaid portion of the benefit that is payable as accrued benefits under section 5121 pursuant to the provision quoted above, is not subject to the accrued benefits provisions of section 5121 because the section 5310(b)(1) benefit is a one-time payment for the Veteran's month of death and, therefore, cannot be considered "periodic monetary benefits" for purposes of section 5121. 

General Counsel stated that when a Veteran dies, VA terminates as of the first day of the month of the Veteran's death any compensation or pension the veteran may have been receiving. 38 U.S.C.A. § 5112(b)(1) (effective date of discontinuance of compensation, dependency and indemnity compensation (DIC), or pension by reason of death of a payee "shall be the last day of the month before such death occurs"); 38 C.F.R. § 3.500(g)(1). In other words, a Veteran is not entitled to compensation or pension for the month of his or her death. 

In its discussion, General Counsel stated that when a Veteran receiving compensation or pension dies, a surviving spouse who is not entitled to death benefits under chapter 11, 13, or 15 of title 38, United States Code, for the month in which the Veteran died is eligible for the month of death benefit under section 5310(b). If a surviving spouse eligible for the section 5310(b) benefit submits a claim for the benefit but dies before VA awards the benefit to the surviving spouse, entitlement to the section 5310(b) benefit would terminate with the death of the surviving spouse. Section 5310(b)(1) specifically states that a "surviving spouse shall be entitled" to the benefit under that statutory provision. See also Pub. L. No. 104-275, § 506, 110 Stat. at 3343 (section adding subsection (b) to 38 U.S.C. § 5310 is captioned "Payment Of Benefit To Surviving Spouse For Month In Which Veteran Dies"). Thus, Congress clearly intended the benefit for the surviving spouse. Neither the statute nor its legislative history indicates or even suggests in any way that the surviving spouse's entitlement to the section 5310(b) benefit continues after his or her death or that the estate of a deceased surviving spouse may continue to pursue the claim for the section 5310(b) benefit that VA had not yet awarded before the surviving spouse's death. Cf. Pelea v. Nicholson, 497 F.3d 1290, 1292 (Fed. Cir. 2007) (providing similar analysis concerning DIC upon the death of a surviving spouse). 

The Veteran died in March 2008. At the time of his death he was in receipt of benefits for pension purposes only. He was in receipt of special monthly pension. As such, he was in receipt of benefits pursuant to chapter 15.

In August 2008 an Application for Dependency and Indemnity Compensation, Death Pension and Accrued Benefits was received by VA from the Veteran's surviving spouse. The claim form was dated July 2008.

Thereafter, in August 2008 the Veteran's surviving spouse died.

In September 2008 VA issued a rating decision granting entitlement to aid and attendance for the Veteran's surviving spouse, effective March 1, 2008.

In the notice letter dated in September 2008 regarding the issued rating decision, it was noted that the Veteran's surviving spouse was awarded the Veteran's rate for the month of his death and, effective April 1, 2008, payment of the Veteran's surviving spouse's death pension with aid and attendance began.

In a May 2009 Report of General Information, the appellant was noted to call regarding the benefits that were awarded to his mother, the Veteran's surviving spouse, who passed away in August 2008. The entire benefits were removed from the bank account.

In July 2010 the appellant filed an Application for Accrued Amounts Due a Deceased Beneficiary with regard to the funds that were removed from the bank account.

In March 2010 the RO granted accrued benefits to the appellant for the benefits due to the surviving spouse. The total paid was noted to be based on the payment of the surviving spouse's funeral expenses. It was noted that in the letter granting the surviving spouse benefits there was a reference to the Veteran's month of death check. The RO reported that "[t]his benefit is intended solely for the surviving spouse of the [V]eteran. Since she has passed away there is no longer entitlement to this benefit."

The Veteran's surviving spouse died prior to the issuance of the award of the Veteran's benefit for the month of his death. Pursuant to the relevant precedential General Counsel opinion, entitlement to the Veteran's benefit for the month of his death terminates with the death of the surviving spouse, is not an accrued benefit, and is not payable to the surviving spouse's estate.

The Board acknowledges that it has been reported that the surviving spouse had been issued payment for the amount identified in the September 2008 award and that this payment was subsequently recouped by VA. As the amount in question is the Veteran's benefit for the month of his death, it is not treated as an accrued benefit. 38 U.S.C.A. § 5310 (b)(2).

The Board acknowledges that the appellant was paid accrued benefits of the surviving spouse. However, these benefits were accrued benefits of the surviving spouse and were paid to reimburse the appellant for the surviving spouse's funeral expenses pursuant to 38 U.S.C.A. § 5121 (a)(6).

The appellant does not contend, nor does the evidence reflect, that he is under the age of 18, that he became permanently incapable of self-support before the age of 18, or that he is under the age of 23 and is pursuing a course of instruction at an educational institution. Thus, the appellant cannot be deemed an eligible survivor under 38 U.S.C.A. § 5121 because he does not meet the statutory definition of "child" under 38 U.S.C.A. § 101 (4)(A) to be eligible for the payment of accrued benefits. 

Therefore, the appellant's claim of entitlement to the Veteran's rate for the month of his death, as an accrued benefit, is denied. 


ORDER

Entitlement to the Veteran's rate for the month of his death, as an accrued benefit, is denied.




____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs