# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 96-1756

SAMMIE G. NOLEN, APPELLANT,

v.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and GREENE, *Judges*

## ORDER

On April 28, 1999, this Court affirmed the November 20, 1996, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for asbestosis. Although the regional office (RO) and the Board found the claim well grounded, this Court held on appeal that the appellant had failed to submit a well-grounded claim. Accordingly, the Court declined to address the appellant's arguments regarding the merits of the claim. On appeal, the Federal Circuit held that:

[O]nce the [Department of Veterans Affairs (DVA)] determines that the claim is well grounded, its duty to assist is established and the claimant is launched into the system. At this point the operation of the well-grounded claim requirement is exhausted and need not be further considered.

Thus, in a case . . . , in which a claim has been deemed well grounded but subsequently denied on the merits by the RO and the Board, the Court of Appeals for Veterans Claims *would have no reason* to reconsider the issue of well groundedness.

. . . .

If . . . the RO and Board deem the claim well grounded and the DVA undertakes to assist the veteran according to 38 U.S.C. § 5107(a), and the veteran subsequently raises the issue of whether the DVA properly fulfilled this duty, then the Court of Appeals for Veterans Claims must address that issue on the merits. This is true regardless of the Court of Appeals for Veterans Claims's [sic] assessment as to whether the claim was well grounded to begin with; the RO and Board have already made that determination, and in doing so have committed the DVA to providing the necessary assistance. *By finding the claim well grounded, the DVA has waived any further challenge on the issue and has obligated itself to provide assistance to the*

*veteran. C.f.* 38 U.S.C. § 7252 (providing that the DVA may not seek review of Board decisions before the Court of Appeals for Veterans Claims).

Slip op. at 6-7 (emphasis added).

On appeal to this Court, the appellant had argued that VA did not properly fulfill its duty to assist pursuant to 38 U.S.C. § 5107. This issue was not, however, presented to the Board. As the determination as to whether the duty to assist was complied with in this matter will involve making factual determinations, the Court finds that it is appropriate to remand the appellant's claim for the Board to consider the appellant's duty to assist argument in the first instance. *See Maggitt v. West*, 202 F.3d 1370, 1378 (Fed. Cir. 2000); *cf. Ledford v. West*, 136 F.3d 776, 781-82 (Fed. Cir. 1998) (concluding that declining to exercise jurisdiction over a claim based upon the doctrine of administrative exhaustion was warranted under the specific facts of that case); *see also Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000) (While the Court may reverse an incorrect judgment of law which is based upon proper factual findings, "it should not simply [make] factual findings on its own.").

In addition, the Court notes that the Board found that the appellant's testimony regarding his in-service exposure to asbestos was inherently incredible. However, pursuant to 38 U.S.C. § 1154(b):

> In the case of any veteran who engaged in combat with the enemy . . . the Secretary shall accept as sufficient proof of service connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran.

The presumption afforded by § 1154(b) may be rebutted only by "clear and convincing evidence to the contrary." 38 U.S.C. § 1154(b). Although the appellant is a combat veteran, the Board failed to address the potential applicability of 38 U.S.C. § 1154(b).

Upon consideration of the foregoing, it is

ORDERED that the November 20, 1996, decision of the Board of Veterans' Appeals is VACATED and the matter is REMANDED for readjudication consistent with this order.


DATED: November 15, 2000                    PER CURIAM.