ORDER
PER CURIAM.
On June 7, 2004, Mr. Hyatt filled a Notice of Appeal of an April 26, 2004, decision of the Board of Veterans’ Appeals (Board). On August 6, 2007, a panel of this Court issued a decision on this appeal. On August 29, 2007, the Court entered its judgment. On October 11, 2007, the represented movant, Mrs. Hyatt, notified the Court that Mr. Hyatt had died on August 24, 2007; accordingly, Mrs. Hyatt filed motions for substitution of party and for judgment to be re-issued nunc pro tunc. On October 25, 2007, the Secretary filed responses in opposition to Mrs. Hyatt’s motions. In response to an order of the Court, the parties submitted additional briefing regarding the impact of the Court’s recent decision in Pekular on the pending motions. Pekular v. Mansfield, 21 Vet.App. 495 (2007) (instituting a three-part test to govern whether substitution is appropriate).
“[A] veteran’s claim to disability benefits terminates at death.” Richard v. West, 161 F.3d 719, 722 (Fed.Cir.1998). However, 38 U.S.C. § 5121 allows qualified survivors of the veteran to seek payment of accrued benefits owed to that veteran at the time of the veteran’s death. Seymour v. Principi, 245 F.3d 1377, 1379 (Fed.Cir.2001). Section 5121(a) specifically limits accrued benefits to include only that “to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at date of death and ... due and unpaid.” 38 U.S.C. § 5121; see Haines v. West, 154 F.3d 1298, 1300 (Fed.Cir.1998). When the Court issued the August 6, 2007, decision in Mr. Hyatt’s appeal, it determined that a remand was necessary so that VA could comply with its duty to assist by obtaining another service member’s court-martial records, which are potentially relevant to *213 the nature and extent of Mr. Hyatt’s wounds received during his service. Hyatt v. Nicholson, 21 Vet.App. 390, 395 (2007). As Mrs. Hyatt’s accrued beneficiary claim is statutorily limited to decisions and evidence in the file at the date of Mr. Hyatt’s death, she asks to be substituted and that judgment be re-issued nunc pro tunc in Mr. Hyatt’s appeal so that her 5121(a) claim may benefit from the Court’s decision on Mr. Hyatt’s appeal.
The U.S. Court of Appeals for the Federal Circuit held that this Court may issue nunc pro tunc relief where a veteran dies after his case is submitted for decision, but before the opinion is issued. Padgett v. Nicholson, 473 F.3d 1364, 1369 (Fed.Cir.2007). For the Court to issue judgment as of the date of the veteran’s death, (1) the veteran must have died after his case was submitted for decision, (2) substitution must be appropriate in that the person seeking substitution must have standing both under Article III of the U.S. Constitution and by being adversely affected by the underlying Board decision under 38 U.S.C. § 7266(a), and (3) the considerations of justice and fairness outlined by the Supreme Court in Mitchell v. Overman, 103 U.S. 62, 64-65, 26 L.Ed. 369 (1880), must be satisfied. Pekular, 21 Vet.App. at 500-01.
There is no dispute here that Mr. Hyatt’s case was submitted for decision before he died. Mr. Hyatt died after the Court issued its opinion in his case, but five days before judgment was entered in the matter. At issue instead is whether the substitution of Mrs. Hyatt is appropriate. The Secretary argues that Mrs. Hyatt lacks sufficient Article III standing to be properly substituted in Mr. Hyatt’s appeal. Article III of the Constitution grants federal courts jurisdiction over “cases” and “controversies.” U.S. Const. Art. III, § 2, cl. 1. This Court, although an Article I court created by statute, has adopted “the jurisdictional restrictions of the Article III case or controversy rubric.” Mokal v. Derwinski, 1 Vet.App. 12, 15 (1990). To satisfy the “irreducible constitutional minimum of standing,” a litigant must demonstrate three elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). First, the complainant must have suffered an “injury in fact” that is both “concrete and particularized.” Id. (quoting Allen v. Wright, 468 U.S. 737, 756, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). “The injury alleged must be ... distinct and palpable, ... and not abstract or conjectural or hypothetical.” Allen, 468 U.S. at 751, 104 S.Ct. 3315 (citations omitted). Second, there must be a causal relationship between the injury and the conduct of the defendant. Lujan, 504 U.S. at 560, 112 S.Ct. 2130. Third, it must be “likely” that the injury will be “ ‘redressed by a favorable decision.’ ” Id. (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)).
In Padgett, the court determined that “[t]he continuing relevance and preclusive effect that the issues decided in Padgett’s appeal have for [Mrs. Padgett’s] section 5121(a) claim are sufficient to meet the ‘case or controversy’ requirement” pursuant to Article III. 473 F.3d at 1370. However, Mr. Hyatt’s appeal stands in a very different posture than that of Mr. Padgett. In Mr. Padgett’s case, the Court reversed the Board’s decision and granted secondary service connection for a right-hip disability. See id. at 1366. Issuing the decision nunc pro tunc effectively granted benefits to Mr. Padgett before his death, which then became “due and unpaid” for purposes of Mrs. Padgett’s 5121(a) claim. This, of course, had continuing relevance to Mrs. Padgett’s 5121(a) claim because such a claim is statutorily predicated en *214 tirely on benefits due, based on decisions or evidence in the file at the time of the veteran’s death. Here, Mr. Hyatt’s appeal does not have the same continuing relevance to Mrs. Hyatt’s 5121(a) claim. Whether or not the Court issues judgment nunc pro tunc to the day prior to Mr. Hyatt’s death, there is no imminent grant of entitlement to service connection as there was in Padgett. Additionally, there is no further evidence for the Board to consider because the accrued benefits claim is explicitly limited to the evidence “in the file” at the date of the veteran’s death — which does not include the court martial records that the Court ordered VA to obtain on remand. Accordingly, there was nothing decided in Mr. Hyatt’s appeal that would have the requisite “continuing relevance” to Mrs. Hyatt’s 5121(a) claim. Padgett, 473 F.3d at 1370.
As the Federal Circuit explained in Pelea v. Nicholson, making this Court’s judgment in Padgett effective nunc pro tunc “meant that prior to his death, [Mr.] Pad-gett had established his entitlement to disability benefits. Under the statutory scheme, his widow could recover those benefits.” 497 F.3d 1290, 1293 (Fed.Cir.2007). The court contrasted the situation in Padgett with the widow in Pelea, who died while seeking dependency and indemnity compensation and whose estate sought to be substituted in her place. The Federal Circuit affirmed this Court’s denial of substitution because, although Mrs. Pelea had not requested that our judgment be reissued nunc pro tunc to a date prior to her death, the court pointed out that even if the judgment in her favor were made effective nunc pro tunc to the date of her death, she would still not be entitled to accrued benefits because this Court had only determined that the Board should further consider whether VA had adequately informed her what additional evidence she should submit to support her claim. Id. The court reasoned that “she still was a long way from establishing either that her deceased husband had served in the United States military or that his death was connected with such service.” Id.
The same is true for Mrs. Hyatt. Our dissenting colleague assumes that acquiring certain court-martial records of another service member would be dispositive of the claim. Dissenting opinion at 215, post (“In the normal course of events, after issuance of the Hyatt decision, the Secretary would secure the court-martial records and a decision would be rendered.”). However, as in Pelea, Mrs. Hyatt is a long way from prevailing on her claim. For Mr. Hyatt’s claim to be granted, thus entitling Mrs. Hyatt to accrued benefits, even if judgment is issued nunc pro tunc, a medical opinion would still be required to evaluate whether the injuries described in the court-martial report, if any, resulted in or contributed to the currently claimed disability. Substitution would not affect Mrs. Hyatt’s accrued benefits claim because, even if we were to permit her substitution and the search for the court-martial records was successful, there would still be insufficient evidence in the record at the time of Mr. Hyatt’s death to justify an award of benefits. See 38 U.S.C. § 5121. For these reasons, the Court holds that substitution is not appropriate.
As Mrs. Hyatt cannot be substituted, nunc pro tunc relief is also inappropriate due to the general rule that a veteran’s claim for benefits ends with his death. Padgett, 473 F.3d at 1370. As Mr. Hyatt has died and no substitution of Mrs. Hyatt can be made, Mr. Hyatt’s appeal is moot. Therefore, the Court will dismiss Mr. Hyatt’s appeal for lack of jurisdiction. As Mr. Hyatt’s appeal was mooted due to his death and because we hold that Mrs. Hyatt cannot be substituted, both cireum- *215 stances that are not due to the voluntary conduct of the parties, justice requires that any prior decision in the case be withdrawn or vacated. U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership, 513 U.S. 18, 25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) (“A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstances, ought not in fairness be forced to acquiesce in the judgment.”). Accordingly, the Court withdraws its August 6, 2007, decision and vacates the Board’s underlying October 27, 2005, decision to prevent it from acting as a barrier to the success of any claimant seeking accrued benefits.
Accordingly, it is
ORDERED that the Court’s August 6, 2007, decision is WITHDRAWN. It is further
ORDERED that the Court’s January 16, 2008, stay is lifted. It is further
ORDERED that the October 27, 2005, Board decision is VACATED with respect to the matters appealed to the Court; and this appeal is DISMISSED for lack of jurisdiction.