Citation Nr: 1008493 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-03 582 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, 
Minnesota

THE ISSUES

1. Entitlement to service connection for anxiety.

2. Entitlement to service connection for depression.

3. Entitlement to service connection for posttraumatic 
stress disorder ("PTSD").

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of 
the United States

ATTORNEY FOR THE BOARD

T. Y. Hawkins, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 2001 to June 
2007; January 2002 to May 2002; January 2003 to February 
2005; and August 2005 to December 2006. 

This matter comes before the Board of Veterans' Appeals 
("Board") on appeal from a June 2007 rating decision issued 
by the Department of Veterans Affairs ("VA") Regional 
Office ("RO") in St. Paul, Minnesota, which denied the 
Veteran's claims of entitlement to service connection for 
anxiety, depression and PTSD. 

In August 2007, the Veteran requested an informal conference 
before a Decision Review Officer at the St. Paul RO. In 
April 2008, he was notified that a hearing had been scheduled 
for June 2008. However, the Veteran failed to appear for the 
conference.

The appeal is REMANDED to the RO via the Appeals Management 
Center ("AMC"), in Washington, DC. VA will notify the 
appellant if further action is required.

REMAND

The Veteran contends that he suffers from anxiety, depression 
and PTSD as a result of active duty service. Specifically, 
he contends that, as a result of several in-service stressors 
involving combat, he now experiences the claimed mental 
disorders.

In order to establish a right to compensation for a present 
disability, a veteran must show: "(1) the existence of a 
present disability; (2) the in-service incurrence or 
aggravation of a disease or injury; and (3) a causal 
relationship between the present disability and the disease 
or injury incurred or aggravated during service" - the so-
called "nexus" requirement. Shedden v. Principi, 381 F.3d 
1163, 1167 (Fed. Cir. 2004). 
Service connection for PTSD specifically requires (1) medical 
evidence establishing a diagnosis of the disability, (2) 
credible supporting evidence that the claimed in-service 
stressor actually occurred, and (3) a link, established by 
medical evidence, between the current symptomatology and the 
claimed in-service stressor. See 38 C.F.R. § 3.304(f) 
(2009). 

If the evidence establishes that the Veteran engaged in 
combat with the enemy and the claimed stressor is related to 
that combat, in the absence of clear and convincing evidence 
to the contrary, and provided that the claimed stressor is 
consistent with the circumstances, conditions, or hardships 
of the Veteran's service, the Veteran's lay testimony alone 
may establish the occurrence of the claimed in-service 
stressor. See 38 C.F.R. § 3.304(f)(1) (2008); see also, 38 
U.S.C.A. § 1154(b) (West 2002 & Supp. 2008). Otherwise, the 
law requires verification of a claimed stressor. 38 U.S.C.A. 
§ 1154(b); 38 C.F.R. § 3.304(d), (f) (2008); Gaines v. West, 
11 Vet. App. 353, 357-58 (1998). 

The ordinary meaning of the phrase "engaged in combat with 
the enemy," as used in 38 U.S.C.A. § 1154(b), requires that 
a veteran have participated in events constituting an actual 
fight or encounter with a military foe, or hostile unit or 
instrumentality. VAOPGCPREC 12-99 (Oct. 18, 1999). Mere 
service in a combat zone does not establish that a veteran 
engaged in combat with the enemy. Id. Service department 
evidence that a veteran engaged in combat or that a veteran 
was awarded the Purple Heart Medal, Combat Infantryman Badge, 
or similar combat citation will be accepted, in the absence 
of evidence to the contrary, as conclusive evidence of the 
claimed in-service stressor. Id.

The provisions of 38 U.S.C.A. § 1154(b) do not allow a combat 
veteran to establish service connection with lay testimony 
alone, however. Rather, the statute relaxes the evidentiary 
requirements for proving certain events alleged to have 
occurred during service when there is no official record. It 
cannot be used to etiologically link the alleged service 
event to a current disability. Gregory v. Brown, 8 Vet. App. 
563, 567 (1996).

As an initial matter, the Board notes that the Veteran's DD 
214 reveals that he served in Iraq and Kuwait as a combat 
engineer during the Persian Gulf War. It further shows that 
he received the Combat Action Badge. The Board therefore 
concedes his combat service, and his claimed in-service 
stressors are presumed to have occurred.

A review of the Veteran's service treatment records, however, 
reveals no complaints of, treatment for or diagnosis of any 
psychiatric or psychological disorders during service. 

As previously stated, in order to establish service 
connection for PTSD, a veteran must have a current diagnosis 
of PTSD directly related to his in-service stressor. See 38 
C.F.R. § 3.304(f) (2009). He must also show the existence of 
a present disability in order to establish a right to service 
connection for any other claimed disorder. See Shedden, 
supra. With respect to the first, or "current disability" 
requirement, the United States Court of Appeals for Veterans 
Claims ("Court") has recognized that, "[i]n the absence of 
proof of a present disability, there can be no valid claim" 
of service connection. Brammer v. Derwinski, 3 Vet. App. 
223, 225 (1992); Caluza v. Brown, 7 Vet. App. 498, 505 (1995) 
(recognizing that "[a] service-connection claim must be 
accompanied by evidence which establishes that the claimant 
currently has the claimed disability."); see also Chelte v. 
Brown, 10 Vet. App. 268, 271, 272 (1997) (holding that the 
veteran's claim was not well grounded when the evidence 
"establishe[d] only that the veteran had a [disability] in 
the past, not that he has a current disability").

In this case, although the Veteran is shown to have 
participated in combat, there is no probative evidence that 
he has a current diagnosis of PTSD. There is also no 
probative evidence that he has a current diagnosis of anxiety 
or depression.

In this regard, the Board notes that, during a June 2007 VA 
mental health evaluation, the VA examiner found that the 
Veteran did not meet the full diagnostic criteria for PTSD. 
Moreover, despite the Veteran's contention that the 
examination was inadequate because it allegedly tested only 
for PTSD and no other psychiatric disorders, the examination 
report shows that the examiner also concluded that the 
Veteran did not have any other psychiatric disorders, 
including anxiety and depression. Rather, he specifically 
found that psychometric testing and a clinical interview 
suggested that the Veteran demonstrated a mild level of 
distress at most, and therefore, did not exhibit any 
clinically significant psychiatric disorders.

In response to these findings, the Veteran has asserted that 
he has participated in outpatient mental health treatment at 
the Duluth Minnesota Vet Center, therefore implying that he 
does in fact have a currently-diagnosed mental illness or 
illnesses. See Notice of Disagreement ("NOD"), August 
2007. 
 
In this regard, the Board notes that, in May 2008, the RO 
sent a letter to the Duluth Vet Center requesting copies of 
all the Veteran's available medical records pertaining to 
treatment for anxiety, depression and PTSD. In response, 
however, the Vet Center replied by attaching a small, 
handwritten "Post-it" note, signed by the Duluth Vet Center 
office manager, stating that "[w]e have no record of this 
individual." There is no indication of what efforts the RO 
undertook in attempting to locate the claimed treatment 
records. 

Where VA has constructive and actual knowledge of the 
existence of potentially pertinent reports in the possession 
of a Federal agency, an attempt to obtain those reports must 
be made. See Hyatt v. Nicholson, 21 Vet. App. 390, 394 
(2007) (holding that the relevance of documents cannot be 
known with certainty before they are obtained). Furthermore, 
38 C.F.R. § 3.159(c)(2) provides that "VA will make as many 
requests as are necessary to obtain relevant records from a 
Federal department or agency," and that VA will end its 
efforts "only if VA concludes that the records sought do not 
exist or that further efforts to obtain those records would 
be futile." Id. As records in the possession of a Federal 
agency are deemed to be constructively of record, they must 
be obtained. Id. 

Because the response from the Vet Center did not specifically 
document what efforts it took to locate the Veteran's claimed 
treatment reports, and in order to give the appellant every 
consideration with respect to the present appeal and to 
ensure due process, it is the Board's opinion that further 
development of the case is necessary.
Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should contact the 
Minnesota Vet Centers in Duluth and 
Minneapolis, as well as the St. Paul 
Veterans Resource Center, the VA Medical 
Centers ("VAMC") in Minneapolis and St. 
Cloud, and any other appropriate VA 
facilities and request any and all mental 
health treatment records for the Veteran. 
If the search for such records reveals 
negative results, the claims file must be 
properly documented with a memorandum as 
to efforts undertaken to locate the 
claimed documents and the unavailability 
of such records.

2. If records pertaining to the Veteran's 
treatment for anxiety, depression and/or 
PTSD are located, please review such 
records to determine whether the Veteran 
has a clinical diagnosis of any of these 
disorders. If so, the RO/AMC should return 
the claims folder to the clinician who 
performed the June 2007 evaluation to 
determine the nature and likely etiology of 
such disorder(s). If that examiner is no 
longer available, schedule the Veteran for 
a new VA mental health evaluation with a 
psychiatrist or psychologist. The complete 
claims folder must be provided to the 
examiner for review in conjunction with the 
examination, and the examiner must indicate 
that he or she has reviewed the file. The 
examiner must also elicit from the Veteran 
his history of mental health disorders and 
note that this information has been 
considered in formulating his or her 
opinion. Any and all tests deemed 
necessary should be performed. 

The examiner should be asked to indicate 
whether it is at least as likely as not 
(i.e., whether there is at least a 50 
percent probability) that such disorder is 
related to, or was caused or aggravated 
(permanent worsening as opposed to 
temporary flare-ups or increase in 
symptoms) by the Veteran's active military 
service. Additionally, if the examiner 
diagnoses the Veteran with PTSD, he or she 
should be asked to indicate whether it is 
at least as likely as not (i.e., whether 
there is at least a 50 percent probability) 
that such disorder is related to a stressor 
incurred during the veteran's military 
service. The examiner should discuss all 
of the Veteran's claimed stressors.

The clinician is also advised that the term 
"as likely as not" does not mean within 
the realm of possibility. Rather, it means 
that the weight of medical evidence both 
for and against a conclusion is so evenly 
divided that it is medically sound to find 
in favor of causation as to find against 
causation. "More likely" and "as 
likely" support the contended causal 
relationship; "less likely" weighs against 
the claim.

Any and all opinions must be accompanied by 
a complete rationale. 

3. If the above search yields no 
information, the RO/AMC should send a 
letter to the appellant informing him: 
(a) that VA has been unable to obtain any 
records pertaining to the Veteran having 
received psychiatric/psychological 
treatment; (b) the efforts the RO made in 
attempting to obtain these records; (c) a 
description of any further action VA will 
take regarding the claim, including, but 
not limited to, notice that VA will decide 
the claim based on the evidence of record 
unless the claimant submits records VA was 
unable to obtain; and (d) notice that he 
is ultimately responsible for providing 
evidence necessary to substantiate his 
claim. After allowing the appellant the 
appropriate period of time to respond to 
the above letter, and if any benefit 
sought remains denied, the Veteran should 
be provided with a Supplemental Statement 
of the Case ("SSOC"). After the Veteran 
and his representative have been given the 
applicable time to submit additional 
argument, the claim should be returned to 
the Board for further review.
 
4. If, treatment records are located and 
the claims folder is returned for an 
additional medical examination and/or 
opinion, the issue on appeal should be 
readjudicated. If any benefit sought on 
appeal is not granted to the Veteran's 
satisfaction, the Veteran and his 
representative should be provided with an 
SSOC and afforded the opportunity to 
respond thereto. The matter should then be 
returned to the Board, if necessary, for 
further appellate process.

The appellant has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals 
for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. 
See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2009).

_________________________________________________
ROBERT E. SULLIVAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a 
decision of the Board on the merits of your appeal. 
38 C.F.R. § 20.1100(b) (2009).