NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**ROBERT L. WASHINGTON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

—————————

2011-7129

—————————

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-2889, Judge William A. Moorman.

—————————

Decided: December 22, 2011

—————————

ROBERT L. WASHINGTON, of Albany, Georgia, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT,

Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before NEWMAN, PLAGER, AND LINN, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

Robert L. Washington appeals the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") that denied his requests for service connection for a left spermatocele.[1] The issue on appeal is whether Mr. Washington received an adequate medical examination, this is a question of fact, and is not within this court's appellate jurisdiction. The appeal is dismissed.

## DISCUSSION

Mr. Washington served on active duty in the U.S. Army for two tours, the first between 1966 and 1968, and the second between 1970 and 1973. During his service Mr. Washington received various treatments for problems with his genitourinary system. His 1973 separation examination found his genitourinary system to be normal.

In January 2000, Mr. Washington filed a claim in the Department of Veterans Affairs ("VA") Regional Office ("RO") in Atlanta, Georgia, seeking service connection for a

_____

[1] *Robert L. Washington v. Eric K. Shinseki, Secretary of Veterans Affairs*, No. 09-2889, 2011 WL 1220370, 2011 U.S.App. Vet. Claims LEXIS 707 (Vet.App. March 31, 2011). A spermatocele is a cyst of the epididymis containing sperm. STEDMAN'S MEDICAL DICTIONARY 1644, 1645 (26th ed. 1995).

lump in his left groin, which became the service-connection claim for a left spermatocele. Mr. Washington received various treatments, and proceedings before the VA included an appeal to the Board and remand to the RO for clarification of a 2003 medical examination. The Board observed that the 2003 "examiner did not specifically address whether it was at least as likely as not that [Mr. Washington's] current left spermatocele is etiologically related to his symptomatology in service." No. 03-27 749, at 18, 2005 WL 3925095 (Bd. Vet. App. Dec. 30 2005); R.A. 46. The Board also observed that the "examiner did not discuss whether [Mr. Washington] had a preexisting disorder prior to his second period of active duty service, and if so, whether the preexisting service [sic] was permanently aggravated during that second period of service." *Id.* The Board ordered a clarifying medical opinion to determine "the nature and etiology of [Mr. Washington's] current left spermatocele." *Id.*

The clarifying opinion, issued on March 8, 2006, found that Mr. Washington's in-service groin cyst "had absolutely no connection or it is as unlikely as not that the cyst had any connection with the spermatocele that developed on the left side some time later; in actual fact, it developed some thirty years after the initial event." 2011 WL 1220370, at *3; R.A. 89. The Board maintained its denial of service connection for Mr. Washington's left spermatocele. Specifically, the Board found that there was insufficient evidence that Mr. Washington actually had a left spermatocele during his first or second period of service; there was no evidence that Mr. Washington sought treatment for spermatocele for decades following the termination of his service; nor was there sufficient medical evidence linking Mr. Washington's current spermatocele to his in-service symptomatology. No. 03-27 749, at 11-14 (Bd. Vet. App. Jun. 4 2009); R.A. 18-21.

On appeal to the Veteran's Court Mr. Washington argued that the Secretary violated his duty to assist under 38 U.S.C. §5103A by "failing to provide an adequate medical examination with respect to [his] spermatocele claim." 2011 WL 1220370, at *2. Specifically, he asserted that the examiners failed to discuss the relationship between his spermatocele and the symptoms he experienced in service. The Veteran's Court found no clear error in the Board's analysis, and affirmed the Board's decision.

On appeal to this court, Mr. Washington argues that the Veterans Court erred by failing to order a proper and adequate medical examination for his left spermatocele, and violated the VA's duty to assist defined in 38 U.S.C. § 5103A. This court possesses limited jurisdiction to review decisions by the Veterans Court. Absent a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *Bastien v. Shinseki*, 599 F.3d 1301, 1305 (Fed. Cir. 2010). Thus, as here, where no constitutional issue is presented, "[t]his court may not review the Veterans Court's factual findings or its application of law to facts." *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011).

The adequacy of a medical examination is a question of fact, as is compliance with the duty to assist. *See Nolen v. Grober*, 14 Vet. App. 183, 184 (2000) ("The Board's determination of whether the Secretary has fulfilled his duty to assist generally is a finding of fact . . . ."). The Board and the Veterans Court considered these questions, and explained the reasons for finding that the VA had fulfilled the duty to assist the Veteran. No. 03-27 749, at 8 (Bd. Vet. App. Jun. 4 2009); R.A. 15. Because Mr. Washington challenges factual determinations, including the application of

law to the facts, we have no authority to review these find-ings.[2]  Accordingly, the appeal must be dismissed.

Each party shall bear its own costs.

DISMISSED

---

[2]    It is somewhat unclear as to what issues Mr. Washington is asking this court to review.  The government contends that Mr. Washington is no longer pursuing his claim for service connection with respect to diabetes mellitus, and this court agrees.  However, even if Mr. Washington intended to contest his diabetes mellitus disability rating, this court would not have jurisdiction as that finding did not involve any legal determinations.