http://www.va.gov/vetapp16/Files3/1626396.txt

Citation Nr: 1626396 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 11-17 468 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan

THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include bipolar disorder. 

REPRESENTATION

Veteran represented by: The American Legion

ATTORNEY FOR THE BOARD

M. D. Bruce, Associate Counsel

INTRODUCTION

The Veteran served on active duty from February 1966 to October 1966.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision from the Department of Veterans Affairs (VA) Regional Office. This matter was remanded by the Board in December 2015.

The Veteran requested a Travel Board hearing, which was scheduled for April 2013. The Veteran did not appear and has not asked that the hearing be rescheduled. Accordingly, the hearing request is considered to be withdrawn. 38 C.F.R. § 20.702 (2015).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

Regrettably, further development is necessary before a decision may be rendered on the Veteran's claim.

The Board notes that the Veteran's claims file contains multiple indications that he receives disability benefits from the Social Security Administration (SSA). As these records may contain relevant information in regards to this claim, such records should be requested on remand. See Hyatt v. Nicholson, 21 Vet. App. 390 (2007).

Additionally, pursuant to the Board's December 2015 remand, a new VA examination and opinion were obtained in February 2016, and an addendum opinion was provided in March 2016. Upon review, the Board finds these opinions were not fully responsive to the remand order. Primarily, the examiner addressed only the Veteran's bipolar disorder and failed to address other diagnoses of record 
during the pendency of the appeal, including, but not limited to, mood disorder NOS with psychosis, depression, and schizoaffective disorder. As such, an addendum opinion should be obtained. 

Furthermore, the record reflects that the Veteran has received VA mental health treatment throughout the pendency of the appeal. Upon review, however, the record contains only records dated between November 2012 and November 2013. Accordingly, records of VA mental health treatment dated prior to November 2012 and from November 2013 should be obtained and associated with the record. 38 U.S.C.A. § 5103A(c) (West 2014).

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the file updated VA mental health treatment records dating prior to November 2012 and from November 2013. 

2. Request from the SSA the records pertinent to any claim by the Veteran for disability benefits as well as the medical records relied upon to decide the claim. 
If the records are not available, the Veteran and his representative should be notified and the claims file annotated as such. 

3. After the above has been completed to the extent possible, send the Veteran's claims file to the examiner who conducted the February 2016 examination, if available, to obtain an addendum opinion. The claims file must be reviewed by the examiner. If the original examiner is not available, the claims file should be forwarded to an examiner of similar qualifications to obtain the requested addendum. If a new examination is deemed necessary to respond to the request, one should be scheduled.

Following review of the claims file, the examiner should respond to the following:

a. For each psychiatric disorder (other than bipolar disorder or personality disorder) diagnosed at any point during the course of the claim, specifically including mood disorder NOS with psychosis, depression, and schizoaffective disorder, is it at least as likely as not (50 percent probability or greater) that such disorders arose during service or are otherwise related to service? Please explain why or why not.

b. If any psychiatric disorder diagnosed during the course of the claim (other than bipolar disorder or personality disorder) undebatably exist prior to service, the examiner should state such and opine whether such disorder underwent a permanent worsening in severity during service (versus a temporary flare-up or exacerbation of symptoms). Please explain the reason for the conclusion.

c. If it is determined that there was a permanent worsening of any pre-existing psychiatric disorder during service, was this permanent worsening undebatably the result of the natural progression of the pre-existing disorder? If the worsening was the result of natural progression, the examiner should explain why the worsening was the result of natural progression rather than the result of activities and/or incidents of active service. Please explain the reason for the conclusions.

4. After completing the requested actions, and any additional actions deemed warranted, the AOJ should readjudicate the claim on appeal. If the benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).