Citation Nr: 1710365 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 10-49 744 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


ATTORNEY FOR THE BOARD

M. D. Bruce, Associate Counsel










INTRODUCTION

The Veteran served on active duty from July 1980 to March 1981.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office. This matter was remanded in May 2015 and March 2016.

The Board notes that the issue on appeal has, at times, been characterized as entitlement to a TDIU prior to July 9, 2008, because the Veteran is in receipt of a 100 percent schedular disability rating from that date. The Board further notes, however, that consideration of entitlement to a TDIU is not rendered moot automatically by the assignment of a 100 percent schedular disability rating; the United States Court of Appeals for Veteran's Claims (Court) has held that a Veteran may be awarded special monthly compensation under 38 U.S.C. § 1114(s) (West 2014) based upon a finding that a single disability supports a TDIU rating and the Veteran's other service-connected disabilities are separately ratable at 60 percent or more. See Bradley v. Peake, 22 Vet. App. 280 (2008). Accordingly, the Board finds that the issue is properly characterized as entitlement to a TDIU from the time of the Veteran's claim through the present.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

While further delay is regrettable, the Board finds additional development is necessary before a decision may be rendered in the issue on appeal. 

The record reflects that the Veteran receives disability benefits from the Social Security Administration (SSA). The Board is aware that it need not obtain SSA records prior to determining that there is no reasonable possibility that such are relevant to the Veteran's claims for VA compensation. See Golz v. Shinseki, 590 F.3d 1317, 1320-1321 (Fed. Cir. 2010). However, that possibility cannot be excluded under the circumstances presented here, particularly as the SSA decision of record reflects that benefits appear to have been granted based upon service-connected disabilities. As such, the AOJ should request the Veteran's SSA records. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c) (2016); see Hyatt v. Nicholson, 21 Vet. App. 390 (2007) ("In the context of the duty to assist in obtaining records, the relevance of the documents cannot be known with certainty before they are obtained.").

Additionally, the Board notes that, prior to July 9, 2008, the Veteran does not meet the schedular requirements for a TDIU under 38 C.F.R. § 4.16(a) (2016). It is the established policy of VA, however, that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16(b). Rating boards are required to submit to the Director of the Compensation Service for extraschedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities but who fail to meet the percentage standards set forth in 38 C.F.R. 
§ 4.16(a). Where a veteran does not meet the schedular requirements of 38 C.F.R. 
§ 4.16(a), the Board has no authority to assign a TDIU rating under 4.16(b) and may only refer the claim to the Director of the Compensation Service for extraschedular consideration. Bowling v. Principi, 15 Vet. App. 1 (2001). As there is evidence of severe disability in part related to disabilities for which the Veteran was service-connected prior to July 9, 2008, the Board concludes that the facts of this case meet the criteria for submission of the Veteran's claim to the Director of the Compensation Service for consideration of entitlement to a TDIU on an extraschedular basis prior to July 9, 2008. 

Accordingly, the case is REMANDED for the following actions:

1. Request from the SSA the records pertinent to any claim by the Veteran for disability benefits as well as the medical records relied upon to decide the claim. If the records are not available, the Veteran should be notified and the claims file annotated as such.
2. Refer the claim to the Director of the Compensation Service for consideration of whether a TDIU on an extraschedular basis is warranted prior to July 9, 2008. 

Include a copy of this remand as well as a full statement as to the Veteran's service-connected disabilities prior to July 9, 2008, employment history, and educational background.

3. After completing the requested actions, and any additional actions deemed warranted, the AOJ should readjudicate the claim on appeal. If any benefit sought on appeal remains denied, the Veteran should be furnished a supplemental statement of the case and given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Nathan Kroes
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).